# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>DONNA LEE HERNANDEZ,<br><br>Debtor.<br><br>DONNA LEE HERNANDEZ,<br><br>Appellant,<br><br>v.<br><br>RONALD E. STADTMUELLER,<br><br>Appellee. | Case No.: 25-cv-2164-RSH-MMP<br>Bankruptcy Case No.: 21-03659-JBM7<br><br>**ORDER DISMISSING CASE** |

On October 10, 2025, the Court issued an Order to Show Cause as to why this case should not be dismissed for Appellant Donna Lee Hernandez's failure to timely perfect her appeal. ECF No. 3. For the reasons below, the Court dismisses the case.

///

///

## I.   BACKGROUND

On August 21, 2025, Appellant filed a notice of appeal from the bankruptcy court. ECF No. 1. Appellant's designation of record was due on September 4, 2025. ECF No. 1-2 at 6. On October 10, 2025, the Court received a Notice of Unperfected Appeal from the Clerk of the United States Bankruptcy Court for the Southern District of California. ECF No. 2. On the same day, the Court issued an Order to Show Cause ("OSC") as to why the instant appeal should not be dismissed for lack of prosecution, based on Appellant's failure to timely designate the record. ECF No. 3. The OSC also provided that Appellant could alternatively "show cause" by designating the record and perfecting the appeal. *Id.* at 2. The Court cautioned Plaintiff that a "[f]ailure to timely show adequate cause shall result in the dismissal without prejudice of this appeal." *Id.* Appellant's response to the OSC was due on October 24, 2025. *Id.* Appellant did not file a response until October 26, 2025. ECF No. 4.

## II.   ANALYSIS

Under Federal Rule of Bankruptcy Procedure 8009(a), an appellant must "file with the bankruptcy clerk a designation of the items to be included in the record on appeal and a statement of the issues to be presented[.]" Fed. R. Bankr. P. 8009(a)(1)(A). "The appellant must: file and serve the designation and statement within 14 days after . . . the appellant's notice of appeal as a right becomes effective under Rule 8002." Fed. R. Bankr. P. 8009(a)(1)(B). A district court may dismiss a bankruptcy appeal if the appellant does not follow the required procedural rules. *See Kun v. State Bar of Cal.*, 837 F. App'x 530, 531 (9th Cir. 2021) (holding district court did not err by dismissing appeal for failure to timely comply with Bankruptcy Rule 8009); *see also Tong v. Luo (In re Luo)*, No. 96-56125, 1997 WL 342231, at *1 (9th Cir. June 19, 1997) (district court did not err in dismissing appeal for failure to timely designate record on appeal).

Additionally, under Federal Rule of Civil Procedure 41(b), a "district court may dismiss an action for failure to comply with any order of the court." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). The decision of whether to dismiss a case for failure

to comply with a court order is within the district court's discretion and will not be disturbed "unless there is a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." *Id.* (internal quotation marks omitted). "In determining whether to dismiss a case for failure to comply with a court order the district court must weigh five factors including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Although it is preferred, it is not required that the district court make explicit findings in order to show that it has considered these factors[.]" *Id*. at 1260–61 (internal quotation marks omitted).

Here, in his OSC response, Appellant's counsel attributes the delay in designating the record to an international trip taken in September 2025 to care for an elderly parent. ECF No. 4 at 3. Counsel requests an additional 30 days to complete the designation of record. *Id.* at 2. Counsel also contends the complexity of this appeal necessitates additional time to make the designation. *Id*. at 3–4.

The Court finds that Appellant's response inadequately explains why counsel missed the September 4, 2025 deadline in the first instance; and why, as of the issuance of the Court's OSC on October 10 2025, and even as of the OSC deadline on October 24, 2025, Appellant had still failed to designate the record. Neither an unexpected international trip in September, nor a lengthy docket, are inconsistent with the ability to meet these deadlines. Here, the Court effectively granted Appellant a grace period of over seven weeks, and provided a warning, all without any request on Appellant's part; Appellant did not take advantage of either. Appellant's response also fails to explain why Appellant could not— either by the original deadline or by the extended deadline—have timely moved for an extension of time.

Appellant's failure to comply with the bankruptcy rules without sufficient explanation unreasonably delays the progress of this appeal, and the refusal to comply with

this Court's OSC interferes with the Court's ability to manage its own docket. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) ("It is incumbent upon the Court to manage its docket without being subject to [the] routine noncompliance of litigants."); *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("[T]he public's interest in expeditious resolution of litigation always favors dismissal.").

The Court also need not find that Appellee suffered actual prejudice to justify dismissal. "The failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the [opposing party] from the failure." *Moneymaker v. CoBen (In re Eisen)*, 31 F.3d 1447, 1452–53 (9th Cir. 1994). This is because "the law presumes injury for unreasonable delay." *Id.* at 1452. Although public policy favors disposition of cases on their merits, the Court explicitly warned that failure to timely comply with the Court's deadline would result in dismissal of the case. *See* ECF No. 3 at 2.

Under these circumstances, the Court concludes that dismissal is appropriate. *See Dodson v. Wildermuth (In re Dodson),* 846 F. App'x 559, 559 (9th Cir. 2021) (holding district court did not abuse its discretion by dismissing appellant's appeal for failure to prosecute where appellant received multiple notices explaining his obligation regarding completing the record); *Kun*, 837 F. App'x at 531 ("The district court did not abuse its discretion by dismissing [appellant's] appeal after [appellant] failed to file the documents required by Federal Rule of Bankruptcy Procedure 8009 in a timely manner."); *Norrie v. Mallen (In re Norie)*, 773 F. App'x 934, 934 (9th Cir. 2019) ("The district court did not abuse its discretion by dismissing [appellant's] appeal after [appellant] failed to file the documents required by Federal Rule of Bankruptcy Procedure 8009, despite the district court's warning that noncompliance may result in dismissal.").

///
///
///
///

For the above reasons, the Court **DISMISSES** this appeal. The Clerk of Court is **DIRECTED** to close the case.

      **IT IS SO ORDERED.**

Dated: October 28, 2025

                                                *Robert S. Huie*
                                               Hon. Robert S. Huie
                                               United States District Judge